Antonio Guastella         4
Docket Number: 1:98 CR 1325-01 (SAS)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/12/2017
```



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
# PROBATION OFFICE

*JUDICIAL RESPONSE*

**THE COURT ORDERS:**

☒     Court Orders supervision to terminate as scheduled on January 17, 2018

or

U.S. Probation Officer is directed to:

☐     Submit a Request for Modifying the Condition or Term of Supervision

☐     Submit a Request for Warrant or Summons

☐     Other:

_____
Honorable Jesse M. Furman
U.S. District Judge, Part I

September 11, 2017
_____
Date



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
# PROBATION DEPARTMENT

P# 23566

**TO:**          Honorable Jesse M. Furman
                U.S. District Judge

**FROM:**    Enid Febus
                Supervisory U.S. Probation Officer

                                    Re: Antonio Guastella
                                    Dkt No.: 1:98 CR 1325-01 (SAS)

Enclosed is a matter from the U.S. Probation Department requesting consideration and/or review by Your Honor. **Also, please forward a copy of your response to our office at 500 Pearl Street, 6th floor, so that we may take appropriate action.**

                                              Respectfully submitted,

                                              Michael J. Fitzpatrick
                                              Chief U.S. Probation Officer

By: _____
        Enid Febus
        Supervisory U.S. Probation Officer
        212-805-

Prepared By:

Amber Wilton
U.S. Probation Officer
212-805-
DATE: September 6, 2017

NY 201(b)

# REQUEST FOR COURT ACTIONS / DIRECTION

TO: Honorable Jesse M. Furman
U.S. District Judge – Part 1

OFFENSE: Conspiracy to Commit Wire Fraud, in violation of 18 USC 371, a Class D felony; Wire Fraud, in violation of 18 USC 1343, a Class B felony; Conspiracy to Commit Money Laundering, in violation of 18 USC 1956(h), a Class C felony; Engaging in Monetary Transactions with Criminally Derived Property, in violation of 18 USC 1957, a Class C felony; and Transportation of Stolen Property, in violation of 18 USC 2314, a Class C felony.

FROM: Amber Wilton
U.S. Probation Officer

ORIGINAL SENTENCE: 200 Months Imprisonment; 60-Month Term of Supervised Release

SPECIAL CONDITIONS: 1) $1400 special assessment; and 2) $16,762,000 restitution obligation.

RE: Antonio Guastella
Docket # 1:98 CR 1325-01 (SAS)

AUSA: Gary L. Stein
DEFENSE COUNSEL: Stephen Stein, Esq.
MED: January 17, 2018

DATE OF SENTENCE: January 29, 2002

DATE: September 7, 2017

ATTACHMENTS: ☒ PSI      ☒ JUDGMENT      ☐ PREVIOUS REPORTS

REQUEST FOR: COURT DIRECTION

## RESTITUTION/FINE BALANCE WITH MED

This memorandum is in reference to the above-named releasee who was sentenced before the Honorable Shira Ann Scheindlin on January 29, 2002. As Judge Scheindlin is no longer presiding, this matter is being forwarded to Your Honor for consideration, as Your Honor is the presiding Part 1 Judge. As indicated above, the Court imposed a $1,400 special assessment fee and restitution in the amount of $16,762,000 at sentencing. According to OPERA, Guastella satisfied the special assessment fee over six payments, with the final payment made on March 12, 2012. Additionally, Guastella has paid $2,889.83 towards the restitution amount to date. Currently, Guastella has an outstanding restitution balance of $16,759,110.17.

Antonio Guastella commenced his five (5) year term of supervised release on January 18, 2013 with the Eastern District of Missouri. His supervision was transferred to California on February 10, 2014, and has been supervised by the Central District of California since then. According to USPO Carolyn R. Houston, Guastella resides with a life-long friend, Sharon Grechowsky, and her cousin, Cathy Rideout, in Santa Clarita, California. Additionally, Guastella (now aged 66) has been receiving Veterans Affairs Disability in the amount of $2,915.15 per month, which he uses to financially support himself. He is pursuing a Bachelor's Degree, which is funded by the Veterans Affairs Vocational Rehab Program.

USPO Houston related that Gustella's economic circumstances have been monitored for changes throughout his supervison. Whenever appropriate, the payment schedule has been modified to ensure required payments are commensurate with Guastella's financial ability. During a credit review on August 7, 2017,USPO Houston noted four new and unauthorized credit lines established since February 2014. Upon questioning, Guastella stated that he was placed as an authorized user on three credit cards by his roommate, Ms. Grechowsky. The fourth credit line was indicated as a car loan with an outstanding balance of $28,415. When addressed with Guastella, he replied that he did not purchase the car. He explained that Ms. Grechowsky went to purchase a car and was offered an additional discount for enrolled college students. Since Guastella is an enrolled college student, they jointly purchased the vehicle so that Ms. Grechowsky could qualify for the additional discount. He further advised that Ms. Grechowsky is listed as the sole owner on the vehicle's purchase agreement. Guastella states that the vehicle does not belong to him, nor is he responsible for any payments on it. USPO Houston corroborated these statements with Ms. Grechowsky, and sternly admonished Guastella. Guastella is working on removing his name from the noted credit lines that Ms. Grechowsky added him to.

Outside of the behavior outlined above, USPO Houston stated that Guastella has remained in compliance with all other supervision term and conditions.

On August 7, 2017, our office received correspondence from USPO Houston, requesting that we apprise the Court of Guastella's impending expiration and request that he be permitted to terminate supervision with a restitution balance.

## RECOMMENDATION

Inasmuch as the U.S. Attorney's Office Financial Litigation Unit is expected to continue the enforcement of the restitution order beyond the expirations of supervision, the Probation Office respectfully recommends that the releasee be allowed to expire as scheduled.

We stand ready to execute the orders of the Court and have attached a response page in order to facilitate Your Honor's response in this matter.

Respectfully submitted,
Michael Fitzpatrick
Chief U.S. Probation Officer

by _____
Amber Wilton
U.S. Probation Officer
212-805-████

Approved By:
_____  September 6, 2017
Enid Febus                 Date
Supervisory U.S. Probation Officer